

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2006

# Zappala v. Social Security Admn

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5252

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zappala v. Social Security Admn" (2006). *2006 Decisions*. Paper 565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5252
_____

CARMINE J. ZAPPALA,

Appellant

v.

JO ANNE BARNHART,
SOCIAL SECURITY ADMINISTRATION

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-0071 )
District Judge: Honorable Jan E. DuBois
_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  August 18, 2006 )

_____

OPINION
_____

PER CURIAM

　　Carmine J. Zappala appeals pro se an order of the United States District Court for

the Eastern District of Pennsylvania denying his motion for summary judgment and

granting the Commissioner of Social Security's motion for summary judgment in this disability insurance benefits action. We will affirm.

Because the facts are familiar to the parties, and are thoroughly set forth in the Administrative Law Judge's ("ALJ") Decision and the Magistrate Judge's Report, we will provide only a brief summary of the events leading up to this appeal. In October 2002, Zappala filed for Social Security disability insurance benefits under the Social Security Act, claiming that he was disabled due primarily to back and wrist injuries sustained in an automobile accident on August 5, 1999. The Social Security Administration denied his application on June 23, 2003. At Zappala's request, an ALJ held a hearing on the denial, at which Zappala and a vocational expert testified. The ALJ also reviewed objective medical evidence and the opinions of several physicians. Based on this evidence, the ALJ determined that Zappala's back and wrist injuries were severe impairments. The ALJ concluded, though, that while Zappala cannot continue his past relevant work as an electronics technician, there were significant numbers of jobs involving light work in the national economy that Zappala could perform with some restrictions. Consequently, by decision dated August 17, 2004, the ALJ denied Zappala's claim for benefits. The Appeals Council denied Zappala's request for review, rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 416.1481.

Zappala, represented by counsel, filed a civil action in the United States District Court for the Eastern District of Pennsylvania, seeking judicial review of the

Commissioner's final decision. Both parties moved for summary judgment. The District Court adopted the Magistrate Judge's Report and Recommendation, denied Zappala's motion, and granted the Commissioner's motion. Zappala appealed pro se.[1]

## II.

We have appellate jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our role is identical to that of the District Court. We uphold the ALJ's findings if they are supported by substantial evidence. See 42 U.S.C. § 405(g); Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Zappala's primary contentions on appeal are that the ALJ failed to accord proper weight to his treating physician's opinions and that the ALJ mischaracterized certain facts. After thoroughly reviewing the administrative record, we agree with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that Zappala can perform

---

[1]The Commissioner argues that we should not reach the merits of Zappala's claims because his brief challenges only the Magistrate Judge's Report and Recommendation, and not the ALJ's underlying decision. See, e.g., Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (noting that the "role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision" (emphasis added)). We construe Zappala's pro se brief liberally, however, see Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002), and believe his challenge to the Magistrate Judge's Report and Recommendation suffices to challenge the ALJ's underlying decision. We therefore reach the merits of his claims.

certain light level work despite his physical impairments.

                                    III.

Zapalla argues that the ALJ did not properly credit the opinions of Dr. Latman, an orthopedic specialist who treated Zappala over a period of time starting approximately two years after the automobile accident. We have stated that "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)). This is especially so "when the opinion reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984); 20 C.F.R. § 404.1527(d)(2). An ALJ may, however, "afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In addition, an ALJ may reject a physician's opinion on the basis of contradictory or inconsistent evidence. See id.

Dr. Latman opined that Zappala's prognosis for recovery is poor. As the Commissioner notes, however, that prognosis alone has no bearing on whether Zappala is disabled for insurance benefit purposes. Zappala may be able to perform light work and simultaneously have a poor prognosis for improvement. Dr. Latman's treatment records contain no indication that Zappala is unable to function in any capacity and, in fact, consistently reveal that Zappala has normal reflexes, sensation, and strength. In addition, several of Dr. Latman's findings, which were based almost exclusively on Zappala's

                                    4

subjective complaints, contradicted those of other examining doctors and were not supported by objective medical evidence.[2] See Plummer, 186 F.3d at 429; Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (noting that an ALJ is free to disregard a physician's opinion that is premised on the claimant's subjective complaints). To the extent that Zappala's other doctors reported his complaints of pain, we note that the possibility that two inconsistent conclusions may be drawn from the evidence contained in the administrative record does not prevent an agency's finding from being supported by substantial evidence. See Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966).

## IV.

In finding that Zappala was not disabled, the ALJ relied in part on Zappala's statements concerning his daily functional abilities and the treatments (or lack thereof) prescribed by his doctors. Zappala argues that the ALJ mischaracterized this evidence and, in turn, misapprehended its weight. We disagree for the following reasons.

Zappala claims that the ALJ exaggerated the distance he drives to the shopping

---

[2] For example, Dr. Conte, Zappala's family physician, observed normal range of motion with some pain, but no other clear injuries. Dr. Daniels, who evaluated Zappala in January 2003, noted that Zappala's motion extended throughout the physiologic range and that Zappala had no impediment for fine and dexterous movements in his hands. Dr. Ali, the consultative examiner, reported a full range of motion in all joints, normal hand strength, and no neurological deficits. Evaluations by Zappala's physical therapist indicated improved strength, function, and range of motion. X-rays and an MRI showed only mild arthritis in Zappala's wrists and mild degenerative disc disease with no evidence of disc herniation.

mall. The ALJ's decision states that Zappala "testified that he drives three times per week for approximately seven miles to go to a mall." Contrary to Zappala's belief that the ALJ "infer[red] fourteen (14) miles of driving," this statement makes no conclusion about whether the seven miles was the one-way or the round-trip distance.[3] Zappala also complains that the ALJ "fail[ed] to address who was doing the driving" during several out-of-town trips. However, the identity of the driver is less important than the fact that Zappala chose to take extended car trips, despite alleging that he can only sit for twenty minutes at a time. Zappala further alleges that the ALJ improperly evaluated his work activity. The ALJ noted only that Zappala was unemployed at the time of the accident and that his work in a friend's home during his alleged period of disability was not "substantial gainful activity." Neither of these findings is unfavorable, however. Finally, noting that Dr. Latman's treatment notes indicate that he prescribed Tylenol with codeine, Zappala makes much of the ALJ's statement that "at no point did the doctor ever prescribe or even suggest the use of narcotic pain medication, epidurals or any type of surgery." We are satisfied that the ALJ's statement, while not accurate, does not undermine the District Court's conclusion that his findings are supported by substantial evidence. Significantly, the ALJ did not attribute significant weight to the absence of narcotic medications; it was simply one of many factors the ALJ considered as indicating

---

[3] Notably, Zappala testified inconsistently about the distance of the trip, first stating that seven miles was the distance "from my house to go to the mall," and then indicating that this was "total, I think" round-trip milage.

6

that Zappala was not disabled.

## V.

We have considered all of Zappala's arguments on appeal and conclude that they are unavailing. For the reasons stated, we will affirm the order of the District Court.